[No. 20860. Department One. December 6, 1927.]

Fruit Export Corporation, *Appellant*, v. E. B. Hanley *et al.*,
*Respondents.*[1]

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 16, 1927, upon findings in favor of the defendants, dismissing an action on contract, tried to the court. Affirmed.

*Caldwell & Lycette*, for appellant.

*Kerr, McCord & Ivey*, for respondents.

Tolman, J.—Appellant, as plaintiff, brought this action to recover for the alleged breach of a written contract. After trial to the court, findings of fact favorable to the defendants were made, and a judgment of dismissal was entered, from which judgment the plaintiff has appealed.

The story of the case is tersely told by the findings, which, omitting the formal parts, read:

[1]Reported in 261 Pac. 1117.

"That on or about the 22nd day of September, 1925, the plaintiff and the defendants entered into a certain written contract, pursuant to which the defendants agreed to sell, and the plaintiff agreed to purchase, the entire 1925 crop of approximately twenty thousand (20,000) boxes of Newton Pippin Apples from the defendants' orchard at Medford, Oregon, at the prices stated in said contract, a copy of which said contract was in the possession of the defendants, and is Exhibit F in the files.

"That pursuant to the terms of said agreement a portion of said crop of apples, to-wit: one (1) carload, consisting of approximately seven hundred fifty-six (756) boxes, thereof, was delivered to the plaintiff on or about the first day of October, 1925, for which the plaintiff promptly paid the defendants the agreed value of One Thousand Eighteen ($1,018) Dollars.

"That after the delivery of the said carload of apples the plaintiff advised the defendants that it was in financial difficulties and was unable to pay for the apples to be sold by the terms of the said contract as and when the same were picked and packed, and advised the defendants that it could not carry out its said contract.

"That the plaintiff knew that the defendants had no place to store the said apples and it was the understanding between the parties that the same were to be paid for by plaintiff as and when the same were picked and packed and that the plaintiff was to take delivery of the same as and when the same were picked and packed and that the same were not to be assorted by the defendant. That notwithstanding this knowledge on the part of the plaintiff and the understanding that was had between the parties the plaintiff demanded that the defendants assort the same in such manner that the cost thereof would be prohibitive and all contrary to the understanding and agreements between the parties, and that the failure of the defendants to make such assortment constituted no breach of the contract on the part of the defendants.

"That the said contract was breached by the plaintiff and was not breached by the defendants."

Appellant seeks a reversal on the ground that the evidence preponderates against the findings, or that it is not sufficiently convincing upon that point to indicate a breach of the written contract by it.

We have carefully read all of the evidence, and reread much going to the vital questions. We have weighed and considered the deductions and conclusions which the appellant draws from the testimony, and while we are convinced that someone was badly mistaken, or worse, we cannot hold that the trial court, who heard and saw all of the witnesses, was wrong in accepting as truthful the testimony of the greater number. It would be worse than useless to detail the evidence as presented by each side and to attempt to deal with the inconsistencies, from which neither side was free.

Such a discussion could be of no value as a precedent. If we had seen and heard the witnesses, and had believed those who testified on the part of the respondents (no reason appearing why we should not have believed them), we must have reached the same conclusion as did the trial court.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, PARKER, and MITCHELL, JJ., concur.